IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TIMOTHY A. ANDERSON,                )
                                    )
            Plaintiff,              )
                                    )
                                    )       CIV-06-358-F
v.                                  )
                                    )
LT. MARK BRUNING, et al.,           )
                                    )
            Defendants.             )

## REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil

rights action pursuant to 42 U.S.C. §1983.  For the following reasons, it is recommended that

the cause of action be dismissed in part without prejudice for failure to state a valid claim for

relief and as premature.

I. Background

In the original, 29-page, handwritten Complaint, Plaintiff named a multitude of Logan

County, Kingfisher County, and City of Guthrie officials and entities as Defendants and

alleged a litany of "civil rights, constitutional violations, tort, [and] personal injury

violations."  The matter was referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the undersigned reviewed the

sufficiency of the initial pleadings and attached documents pursuant to 28 U.S.C. § 1915A(a).

1

By Order entered April 6, 2006, Plaintiff was directed to file an amended complaint on the proper 42 U.S.C. § 1983 form approved by the courts.  On May 2, 2006, Plaintiff filed an Amended Complaint, which was again reviewed pursuant to 28 U.S.C. § 1915A(a).  In an Order entered May 4, 2006, the undersigned found that the Amended Complaint was deficient under Fed. R. Civ. P. 8(a) and 42 U.S.C. § 1997e(a).  Plaintiff was directed to show cause within twenty days why his Amended Complaint should not be dismissed for (1) failure to set forth a short and plain statement of the claims for which he seeks relief and (2) failure to state with sufficient specificity the claims for which he sought administrative review and the outcomes of all relevant administrative proceedings.  At Plaintiff's request, Plaintiff was granted one extension of time to comply with the show cause order.  To this date, Plaintiff has failed to file any additional pleadings in an effort to comply with the show cause order.

At the time Plaintiff filed this cause of action, he was incarcerated at the James Crabtree Correctional Center located in Helena, Oklahoma.  Public records reflect that Plaintiff was convicted in the District Court of Logan County, Case No. CF-2004-242, pursuant to pleas of guilty and nolo contendere of Rape in the First Degree (three counts), Lewd Molestation (three counts), and Showing Obscene Material to Minor (one count), for which he is serving terms of imprisonment. <<u>www.oscn.net</u>> (docket sheet in <u>State of Oklahoma v. Timothy Alan Anderson</u>, Case No. CF-2004-242, District Court of Logan County, Oklahoma).

As noted in the Order entered May 4, 2006, to show cause, Plaintiff's Amended

Complaint names at least sixteen Defendants and an unknown number of "John Doe" Defendants.  Plaintiff lists multiple constitutional amendments and alleges various incidents spanning the gamut from the alleged circumstances of his arrest and ensuing interrogation to the conditions of the jails in which he was detained.  Most of his allegations fail to indicate the participation of any particular Defendant or describe facts sufficient to form the basis of a claim of a specific constitutional deprivation.  For instance, in count I of the Amended Complaint, Plaintiff alleges: "4th, 8th, 14th Const. Amend. violations. Excessive force. Cruel and unusual punishment. Wreckless disregard. Assault, batterment, conspiracy. Planting and rigging evidence against me. Denial medical attention and treatment. Coverup. Conspiracy. Coerced confession. Beattings." Amended Complaint, at 3.  In Count II, Plaintiff alleges: "Excessive pain and suffering. Death threats. Panic attacks. Officers failed to intervene. Hand cuffed extremely too tight. Bleeding. Bruising. Denial medical treatment. Strip search." Amended Complaint, at 3.  In Count III, Plaintiff alleges: "Search warrant violations. Planting evidence on me that was not mine. Excessive intervenance. Bruning with my wife, planted things on me that was not mine and conspired against me.  The right to counsel violations."  He follows these claims with eight pages of handwritten allegations against various named and unnamed "Does, Zoes" Defendants.  The only named Defendant described in the "Nature of the Case" portion of the form pleading is Defendant Bruning, who is identified by Plaintiff as an official with the Logan County Sheriff's Department. However, it is not clear from the Amended Complaint which claims are being asserted against Defendant Bruning.

3

II. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1]  In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines

---

[1]The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

4

"does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

III.   Claims Against Logan County Jail, Logan County Sheriff's Department, Kingfisher County Jail, Logan County and Kingfisher County Sheriffs in their Official Capacities, Guthrie City Police Department, and Guthrie Municipal Jail

"A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." Watson v. Kansas City, 857 F.2d 690, 695 (10th Cir. 1988)(citations omitted).  When a plaintiff seeks to recover damages from an official in his or her official capacity or from a department of a governmental entity, the plaintiff's suit is one against the governmental entity alone. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Accordingly, Plaintiff's cause of action against the Logan County Jail, Logan County Sheriff's Department, Kingfisher County Jail, Logan County Sheriff in his official capacity, and Kingfisher County Sheriff in his official capacity is construed as a cause of action against Logan County and Kingfisher County, and Plaintiff's cause of action against the Guthrie Municipal Jail and Guthrie City Police Department is construed as a cause of action against the City of Guthrie.

IV. Claims Against Logan County, Kingfisher County, and City of Guthrie

"A plaintiff suing a municipality under section 1983 for the acts of one of its

5

employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998)(citations omitted).  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)(municipalities can only be held liable under section 1983 for "action pursuant to official municipal policy [or custom which] caused a constitutional tort").  Plaintiff's Amended Complaint contains no allegations of a policy or custom of Logan County, Kingfisher County, or the City of Guthrie causing any alleged constitutional deprivations. Accordingly, Plaintiff's cause of action against these governmental entities, including Logan County, the Logan County Jail, the Logan County Sheriff in his official capacity, Kingfisher County, the Kingfisher County Jail, the Kingfisher County Sheriff in his official capacity, the City of Guthrie, the Guthrie City Police Department, and the Guthrie Municipal Jail, should be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.

V. Claims Involving County Sheriffs and Commissioners

To the extent Plaintiff is seeking damages and equitable relief for alleged constitutional deprivations related to the conditions of his confinement in the Logan County and Kingfisher County jails, Plaintiff has failed to state a valid claim for relief against the sheriffs and commissioners for these counties.  Personal participation on the part of each defendant sued for damages in his or her individual capacity is required in a 42 U.S.C. §1983 action. Olson v. Stotts, 9 F.3d 1475, 1477(10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-1263(10th Cir. 1976).  Plaintiff has asserted that Defendants Richardson and Banther

6

are liable as a result of their supervisory capacities as the sheriffs of Logan County and Kingfisher County, respectively.[2]  Plaintiff has also alleged that the county commissioners of these two counties are liable as a result of their supervisory capacities over the county jails.  However, a supervisor cannot be held liable under §1983 solely on a *respondeat superior* basis. Monell v. Dep't of Social Serv., 436 U.S. 658, 691-695(1978).  "Liability of a supervisor under §1983 must be predicated on the supervisor's deliberate indifference," and a plaintiff "must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997) (quotations omitted). Accord, Meade v. Grubbs, 841 F.2d 1512, 1527(10th Cir. 1988).  "It is not enough to establish that the official should have known of the risk of harm." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir.1998).  Plaintiff has not alleged that Defendants Richardson, Banther, or any of the named county commissioners for Logan County and Kingfisher County personally participated in the alleged deprivations occurring during his confinement at the Logan County or Kingfisher County jails.  Therefore, the cause of action against Defendants Sheriffs Richardson and Banther, Logan County Commissioners Harpton, Crews, and Adder, and Kingfisher County Commissioners Wilczek, Shimanek, and Mueggenbro in their individual capacities should be dismissed for failure to state a claim for relief under 42

---

[2]Under Oklahoma law, a county sheriff is responsible for the operation and maintenance of the jail and is responsible for the detainees and inmates in his or her custody. See Okla. Stat. tit. 19, §513; Lopez, 172 F.3d at 763.

U.S.C. § 1983.

VI. <u>Claims Against Unidentified County and Municipal Employees</u>

        Plaintiff has failed to allege an "affirmative link" between any alleged constitutional deprivation and the personal participation of the unnamed Defendants who are identified only as "Does, Zoes" who are employed by Kingfisher County, Logan County, or the City of Guthrie. Plaintiff's Amended Complaint sets forth only conclusory allegations, i.e., "refused me medical treatment and attention" and "setting me out to get attacked or killed over my charges," that do not specifically describe any Defendant in sufficient detail to state a claim for relief against any employee of Logan County, Kingfisher County, or the City of Guthrie. Plaintiff was given multiple opportunities to clarify his pleadings in order to present a claim for relief under 42 U.S.C. § 1983. However, Plaintiff has made no effort to ascertain the identities of or describe facts sufficient to identify the unnamed Defendants. Accordingly, the Plaintiff's claims against the unidentified Logan County Kingfisher County, and City of Guthrie employees should be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.

VII. <u>Premature Claims</u>

        The complaint of a state prisoner who seeks damages under 42 U.S.C. § 1983 must be reviewed to determine whether it is seeking relief which would imply the invalidity of the prisoner's conviction(s). If it would, it is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), unless the prisoner demonstrates that the conviction or sentence has previously been invalidated. In <u>Heck</u>, the Supreme Court recognized that damages may not be recovered in

a 42 U.S.C. §1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. Many of Plaintiff's claims in his Amended Complaint involve allegations of governmental misconduct, including the use of fraudulent evidence, denial of the right to assistance of counsel, conspiracy, coerced confession, and involuntariness of his plea, related to the criminal prosecution and conviction of Plaintiff in Logan County. Plaintiff's allegations that his convictions are constitutionally invalid as a result of these alleged constitutional deprivations are barred under Heck as Plaintiff has not shown that his convictions have been invalidated. Therefore, the Court should dismiss without prejudice Plaintiff's claims seeking damages and injunctive relief for alleged constitutional deprivations which would imply the invalidity of his criminal convictions, including his claims of improper governmental misconduct in investigating and prosecuting the crimes, the use of fraudulent evidence, the denial of assistance of counsel, conspiracy between governmental officials, the voluntariness of the confession, and the involuntariness of the plea.

VIII. Excessive Force During and After Arrest

Plaintiff's remaining federal claim relates to the use of force during and immediately after his arrest. Plaintiff alleges in the Amended Complaint that on August 30, 2004,

9

Defendant Bruning "and other police officers busted into plaintiff's home," grabbed Plaintiff and threw him to the floor, "beat, kicked, stomped, and assaulted him," and then handcuffed him and "drug him outside" with the handcuffs "so tight that Anderson cried." Plaintiff alleges that when he was transported to "the jail" Defendant "Bruning tortured and threatened" him and again handcuffed him "so tight Anderson cried and begged for help and medical attention." Plaintiff alleges that the handcuffs were so tight they caused his wrists to swell and cut into his wrists. Plaintiff also alleges that "Bruning, Does, Zoes Officers refused to intervene. Denied Anderson medication and medical assistance [and] refused to loosen the handcuffs." Amended Complaint, at 2.

Claims that law enforcement officers have used excessive force in carrying out an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989). As the Supreme Court recognized in Graham, the prevailing "Fourth Amendment jurisprudence has long recognized that the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. The proper application of the Fourth Amendment's reasonableness standard in analyzing a claim of excessive force during arrest "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

Plaintiff's Amended Complaint alleges sufficient facts to state a claim of excessive

force during his arrest and booking process in violation of the Fourth Amendment against Defendant Bruning and unidentified "police officers" in their individual capacities.  See Swoboda v. Dubach, 992 F.2d 286, 290-291 (10th Cir. 1993)(plaintiff's allegations that county sheriff "assaulted beat and disfigured" him during arrest were sufficient to state a claim of unconstitutional use of excessive force in violation of Fourth Amendment).  Should this Report and Recommendation be adopted, this is the only remaining claim in this lawsuit and the only remaining Defendants are Defendant Bruning and the unidentified "police officers" who allegedly participated in Plaintiff's arrest and booking process.


## RECOMMENDATION

Based on the foregoing findings, it is recommended that all of Plaintiff's claims except his claim of unconstitutional use of excessive force during his arrest and booking process against Defendant Bruning and unidentified "police officers" be dismissed without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b) and/or as premature pursuant to Heck, supra.   Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A or §1915(e)(2)(B) constitutes one "strike" pursuant to 28 U.S.C. §1915(g).  The Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ____July 18th____, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d

656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ____28th____ day of ____June____, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE