IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TIMOTHY A. ANDERSON,        )
                                        )
        Plaintiff,           )
                                        )
                                        )      CIV-06-358-F
v.                         )
                                        )
LT. MARK BRUNING,         )
                                        )
        Defendant.         )

SECOND SUPPLEMENTAL REPORT  AND  RECOMMENDATION

Plaintiff is a state prisoner appearing *pro se* and *in forma pauperis*. At the time

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983, he was incarcerated at the

James Crabtree Correctional Center located in Helena, Oklahoma.  In Plaintiff's original 29-

page, hand-written Complaint, Plaintiff sued numerous county and municipal officials and

entities, alleging a litany of "civil rights, constitutional violations, tort, [and] personal injury

violations" related to his arrest, criminal charges, and convictions in 2004 in Logan County,

Oklahoma. The matter was referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the undersigned reviewed the

sufficiency of the initial pleadings and attached documents pursuant to 28 U.S.C. § 1915A(a).

By Order entered April 6, 2006, Plaintiff was directed to file an amended complaint on the

proper 42 U.S.C. § 1983 form approved by the courts.

On May 2, 2006, Plaintiff filed an Amended Complaint.(Doc. # 12).  Plaintiff's

Amended Complaint named some sixteen Defendants and an unknown number of "John

Doe" Defendants.  Plaintiff listed multiple constitutional amendments and alleged various

incidents spanning the gamut from the alleged circumstances of his arrest and ensuing

interrogation to the conditions of the jails in which he was detained following his arrest.  In

a Report and Recommendation entered June 28, 2006, the undersigned recommended that

all of Plaintiff's claims except his claim of unconstitutional use of excessive force during his

arrest and booking process against Defendant Bruning and unidentified "police officers" be

dismissed without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. §

1915A(b) and/or as premature pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

Although Plaintiff was advised of his opportunity to file an objection to the Report

and Recommendation, Plaintiff did not submit a written objection.  In an Order entered

August 3, 2006, United States District Judge Friot adopted the Report and Recommendation.

In that Order, District Judge Friot dismissed without prejudice all of Plaintiff's claims except

for Plaintiff's constitutionally-based claim of excessive force during Plaintiff's arrest and

booking process against Defendant Bruning and the unidentified "police officers."

Plaintiff was subsequently advised that the undersigned would recommend the

dismissal of the remaining Defendants Bruning and unidentified "police officers" pursuant

to Fed. R. Civ. P. 4(m) due to Plaintiff's failure to timely serve these Defendants with

process, unless Plaintiff showed good cause for his failure to timely serve the Defendants.

In a Supplemental Report and Recommendation entered October 25, 2006, the undersigned

recommended the dismissal without prejudice of Defendants Bruning and unidentified "police officers" for failure to effect timely service of process under Fed. R. Civ. P. 4(m). Plaintiff objected to the Supplemental Report and Recommendation, and District Judge Friot subsequently granted Plaintiff an extension of time to effect service of process on Defendants Bruning and unidentified "police officers."

In an Order entered March 1, 2007, District Judge Friot accepted and adopted the Supplemental Report and Recommendation to the extent it recommended the dismissal of the unidentified "police officers" without prejudice for failure to effect timely service of process under Fed. R. Civ. P. 4(m) and ordered the dismissal of these Defendants without prejudice. Because Defendant Bruning filed an Answer to Plaintiff's Amended Complaint on February 28, 2007, District Judge Friot declined to adopt the Supplemental Report and Recommendation to the extent it recommended the dismissal without prejudice of Defendant Bruning for failure to effect timely service of process under Fed. R. Civ. P. 4(m).   In that Order, District Judge Friot re-referred the matter to the undersigned for initial proceedings consistent with the Court's prior Order of referral entered April 5, 2006.

On March 6, 2007, Plaintiff filed a pleading entitled "Plaintiff's Motion of Objection and Motion for Summary Judgment" (Doc. # 47), in which Plaintiff objected to a previous Order entered by the undersigned on February 28, 2007, allowing Defendant Bruning leave to file his answer out of time (Doc. # 43).  Plaintiff also appeared to be seeking a default judgment based on Defendant's failure to timely file his answer to the Amended Complaint. Defendant Bruning filed a response (Doc. # 48) to the objection, and the undersigned entered

an Order on March 28, 2007, denying the objection and motion for default judgment.

On April 13, 2007, Defendant Bruning filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and LCvR 56.1 as to Plaintiff's remaining claim against the Defendant.   Plaintiff was advised by Order entered April 16, 2007 (Doc. # 53), of his obligations in responding to Defendant Bruning's dispositive motion.

On May 7, 2007, Plaintiff filed a pleading (Doc. # 56) which addresses both a previous ruling by the undersigned granting Defendant Bruning an extension of time to file a dispositive motion and the merits of Plaintiff's "claim." To the extent Plaintiff requests the undersigned's reconsideration of its previous Order granting Defendant Bruning's motion for an extension of time to file a dispositive motion, the request is DENIED.  To the extent Plaintiff's pleading addresses the merits of his remaining claim of excessive force against Defendant Bruning, the pleading is construed as a response to Defendant's Motion for Summary Judgment. Thus, the Defendant's dispositive Motion is at issue.  For the following reasons, it is recommended that Defendant Bruning's Motion for Summary Judgment be granted and that judgment enter in Defendant Bruning's favor and against Plaintiff.

I. Standard of Review

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party.  Jiron v. City of

Lakewood, 392 F.3d 410, 414 (10th Cir. 2004).  A dispute is "genuine" if a reasonable jury

could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).  "Material facts" are "facts which might affect the outcome of the suit under

the governing law."  Id.  Additionally, if the moving party demonstrates an absence of

evidence regarding an issue on which the nonmoving party will bear the burden of proof at

trial, the nonmoving party can defeat summary judgment only by designating with evidence

outside of the pleadings "specific facts showing that there is a genuine issue for trial."

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A Martinez[1] report is treated as an

affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based

on the plaintiff's personal knowledge and has been sworn under penalty of perjury.  Hall v.

Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

## II. Excessive Force

Claims that law enforcement officers have used excessive force in carrying out an

arrest or other "seizure" of an individual are analyzed under the Fourth Amendment's

"reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989).  As the Supreme

Court recognized in Graham, the prevailing "Fourth Amendment jurisprudence has long

recognized that the right to make an arrest or investigatory stop necessarily carries with it the

right to use some degree of physical coercion or threat thereof to effect it." Id. at 396.  The

---

[1]In Martinez v. Aaron, 570 F.3d 317 (10th Cir. 1978), the Tenth Circuit Court of Appeals established guidelines for the filing of a special report by the appropriate prison or jail authorities elucidating the factual background and subject matter of prisoners' civil rights complaints.

proper application of the Fourth Amendment's reasonableness standard in analyzing a claim

of excessive force during arrest "requires careful attention to the facts and circumstances of

each particular case, including the severity of the crime at issue, whether the suspect poses

an immediate threat to the safety of the officers or others, and whether he is actively resisting

arrest or attempting to evade arrest by flight." Id.  "The reasonableness of a particular use of

force must be judged from the perspective of a reasonable officer on the scene" at the time

of the arrest or seizure, and not in hindsight. Id.  The evaluation of the reasonableness of a

particular use of force "must embody allowance for the fact that police officers are often

forced to make split-second judgments - in circumstances that are tense, uncertain, and

rapidly evolving - about the amount of force that is necessary in a particular situation." Id.

at 396-397.

Plaintiff alleges in the Amended Complaint that on August 30, 2004, Defendant

Bruning and other police officers came into his home, threw him to the floor, "beat, kicked,

stomped, and assaulted him," and then handcuffed him, "tore [his] clothes off," and "drug

him outside" with the handcuffs "so tight that Anderson cried."  Plaintiff alleges that his

"nose and mouth [were] bleeding," that he was "drug ... outside half naked," he was

"slammed ... down on the ground in public view," he was "left ... cuffed outside," he was also

put "into the police car for long periods of time," and he "begged and pleaded [with] Bruning

and the other officers that cuffed me to please loosen the cuffs" but "they ignored me."

Plaintiff further alleges that his "arms, shoulders, back, [and] head [were] injured" and "they

ignored me."  Plaintiff asserts that when he was transported to "the jail" Defendant "Bruning

6

tortured and threatened" him and again handcuffed him "so tight Anderson cried and begged for help and medical attention." Plaintiff alleges that he was then cuffed to a chair and that the handcuffs were so tight they caused his wrists to swell and cut into his wrists. Plaintiff alleges that "Bruning, Does, Zoes Officers refused to intervene. Denied Anderson medication and medical assistance [and] refused to loosen the handcuffs." Amended Complaint, at 2. In response to Defendant's Motion for Summary Judgment, Plaintiff includes only a few of the foregoing allegations in his sworn, responsive pleading. Plaintiff states that at around 11:00 p.m. on August 30, 2004, he "was at home watching TV and on my computer" when he heard "a loud knock at my front door" and he "had a piece of paper shoved in my face, spun around and push[ed] hard to the floor, stomped, kicked and cuffed so tight that it hurt like hell."

The following facts, as set forth in Defendant's Motion for Summary Judgment, are not disputed by the parties. Plaintiff was arrested by members of the Guthrie Police Department on August 30, 2004. The officers had a search warrant for Plaintiff's home and arrested him at his residence. Plaintiff was handcuffed and taken to the Guthrie Police Department for a booking procedure. At that time he was asked to sign a booking sheet which did not disclose any medical problems or injuries. Plaintiff also was given a medical questionnaire and denied any "trauma, illness, obvious pain or bleeding, requiring immediate emergency or doctor care." He was also asked if there were any other medical problems the jail or police should know about. He answered, "no." He signed the medical questionnaire indicating that he certified his answers were truthful. During the booking procedure, Plaintiff

was photographed.  There were no signs of trauma, injury, bleeding or bruising.  Subsequent

to Plaintiff's detention by the Guthrie Police Department, the District Court of Logan County

issued an order permitting Guthrie to detain Plaintiff for up to ten days.  Plaintiff was

transferred to the Logan County jail and out of the custody of the Guthrie Police Department

on September 1, 2004.  At the Logan County jail Plaintiff was again given a questionnaire

in which he described no significant injury or trauma.  Plaintiff was detained as a result of

numerous criminal charges filed against him in connection with his arrest.  On December 16,

2004, Plaintiff appeared with his counsel in the District Court of Logan County, in Case No.

CF-2004-242, and entered pleas of guilty and nolo contendere to charges of Rape in the First

Degree (three counts), Lewd Molestation (three counts), and Showing Obscene Material to

Minor (one count).  For these convictions, Plaintiff is serving an aggregate 35-year term of

imprisonment.

Defendant has submitted an affidavit with his Motion for Summary Judgment in

which Defendant avers that on August 30, 2004, the Guthrie law enforcement officers

obtained a search warrant that allowed for its execution at night.  The search warrant was

based on an interview with a victim's parents describing sexual abuse of their minor child

by Plaintiff.  Officers went to Plaintiff's residence to execute the search warrant and search

for evidence of serious crimes, including numerous acts of child molestation.  Defendant

avers that Plaintiff opened the door after Defendant Bruning knocked and announced that the

officers were there to serve a warrant, that Plaintiff and his wife were placed in "investigative

detention," that evidence listed in the warrant was discovered in the house, that Plaintiff was

then placed under arrest and handcuffed "as he was led from his home to a Guthrie squad car," that Plaintiff did not complain that the handcuffs were too tight, that Plaintiff did not resist arrest, and that no physical scuffle occurred at any time in connection with Plaintiff's arrest.

There is uncontroverted, objective evidence that no physical injuries were observed or visible on the Plaintiff immediately following his arrest. The uncontroverted, objective evidence includes the booking photographs taken of Plaintiff at the Guthrie Police Department immediately following his arrest showing no visible signs of injury or trauma and the medical questionnaire form completed by jail personnel indicating that Plaintiff had no visible signs of trauma or obvious pain or bleeding requiring medical care. The medical questionnaire form contains a check-marked response indicating Plaintiff denied having any medical problems at that time. Another medical questionnaire form completed at the Logan County jail two days later, on September 1, 2004, when Plaintiff was transported to that facility also provides objective evidence that jail personnel observed Plaintiff and that Plaintiff did not exhibit any signs of trauma or injury. According to the jail official's responses on this form, the only medical problem identified by Plaintiff at that time was acid reflux disease.

In this case, the totality of the circumstances reflects that the Guthrie law enforcement officers were executing a search warrant which was approved for nighttime execution. In Oklahoma, search warrants of a residence may be served after 10 p.m. only in certain circumstances, such as where a judge finds "there is likelihood that the property named in

9

the search warrant will be destroyed, moved or concealed." Okla. Stat. tit. 22, § 1230.

Plaintiff alleges in his Amended Complaint that he was handcuffed by the Guthrie police

officers at about midnight on August 30, 2004. Defendant Bruning's probable cause affidavit

filed in the Logan County criminal case against Plaintiff states that Plaintiff was arrested at

11:00 p.m. on August 30, 2004, and the Guthrie Police Department's booking records reflect

that Plaintiff underwent booking procedures at the jail at 11:20 p.m.  Thus, there is no

evidence that Plaintiff was handcuffed for more than a brief period of time.

In consideration of the officers' knowledge that Plaintiff was suspected of sexually

assaulting minor children and the fact that the search warrant was approved for execution at

night, the officers' use of handcuffs during their search of Plaintiff's residence to secure their

safety and to prevent the destruction of evidence was not objectively unreasonable.  See

Torres v. United States, 200 F.3d 179, 186 (3d Cir. 1999).  The more critical issue is whether,

viewing the evidence in the light most favorable to the Plaintiff, the failure of Defendant

Bruning to adjust Plaintiff's handcuffs during the arrest constitutes excessive force.  The

Tenth Circuit Court of Appeals recently reviewed similar allegations of excessive force due

to unduly tight handcuffing during an arrest and determined that "a claim of excessive force

requires some actual injury that is not  de minimis, be it physical or emotional." Cortez v.

McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007).  In that case, because the summary

judgment record provided "too little evidence of any actual injury," the court determined the

evidence was "insufficient, as a matter of law, to support an excessive force claim if the use

of handcuffs is otherwise justified." Id.

In this case, even assuming the truth of Plaintiff's allegations with respect to painful handcuffing during his arrest, there is no evidence in the record of actual injury as a result of the handcuffing or the failure of Defendant Bruning to adjust the handcuffs.  Therefore, the force used was reasonable under the circumstances.  With respect to Plaintiff's remaining allegations of excessive force during the arrest, Plaintiff's allegations that he was "stomped" and "kicked" and "push[ed] hard to the floor" even though Defendant Bruning concedes Plaintiff did not resist detention/arrest indicate that greater force was used than would have been reasonably necessary to effect the arrest.  However, the record contains no evidence of any actual injury caused by Defendant Bruning's actions during the seizure.  Although "proof of physical injury manifested by visible cuts, bruises, abrasions or scars, is not an essential element of an excessive force claim, ... the absence of injury in the context of the totality of the circumstances may suggest the absence of excessive force." Id. at 1129 n. 24.  The objective evidence, including photographs of Plaintiff taken and medical forms completed during the booking procedure at the Guthrie Police Department within a short time following his arrest and two days later at the Logan County jail,  reflect that Plaintiff denied medical problems and did not show any signs of the physical injuries, such as bleeding from his nose and mouth and unspecified "injur[ies]" to his arms, shoulders, back, and head, that he alleged in his Amended Complaint.  Although Plaintiff presents numerous affidavits by other individuals with his response to Defendant's Motion, these evidentiary documents provide no support for his claim of excessive force during his arrest.  Accordingly, Defendant Bruning is entitled to summary judgment with respect to Plaintiff's remaining claim of

excessive force against this Defendant.


                                    RECOMMENDATION

        Based on the foregoing findings, it is recommended that Defendant Bruning's Motion

for Summary Judgment (Doc. # 52) be GRANTED and that judgment issue in favor of

Defendant Bruning and against the Plaintiff.  Plaintiff is advised of his right to file an

objection to this Second Supplemental Report and Recommendation with the Clerk of this

Court by _____ July 5th _____, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The

Plaintiff is further advised that failure to make timely objection to this Second Supplemental

Report and Recommendation waives his right to appellate review of both factual and legal

issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

        This Second Supplemental Report and Recommendation disposes of all issues referred

to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

        ENTERED this _____ 14th _____ day of _____ June _____, 2007.


                                        GARY M. PURCELL
                                        UNITED STATES MAGISTRATE JUDGE